```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         BECKLEY
```

**MICHAEL ALLEN KOKOKSI,**

      **Petitioner,**

**v.**                             **Case No. 5:06-cv-00763**

**CHARLES T. FELTS, Warden,**
**FCI Beckley,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

This case is assigned to the Honorable Thomas E. Johnston, United States District Judge and it is referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).

On September 29, 2006, Petitioner, who is incarcerated at FCI Beckley, filed a "Petition for Immediate Release," which was docketed as a Petition for a Writ of Habeas Corpus, pursuant to the provisions of 28 U.S.C. § 2241 (docket sheet document # 1).  On October 11, 2006, Petitioner filed a Motion to Supplement the Petition (# 3), which was granted.

## PROCEDURAL HISTORY

On July 27, 1994, after being found competent to stand trial, Petitioner pled guilty to one count of employing a person under

eighteen years old to distribute LSD in violation of 21 U.S.C. §§ 841(a)(1) and 861(a)(1).  United States v. Kokoski, 5:92-cr-0090 (S.D. W. Va.)  On September 19, 1994, the presiding District Judge sentenced Petitioner to 144 months in prison, followed by a six year term of supervised release, and also assessed a $5,000 fine.

Plaintiff appealed his sentence to the United States Court of Appeals for the Fourth Circuit, challenging the District Court's competency determination and denial of credit for acceptance of responsibility.  The Fourth Circuit affirmed the District Court's judgment, and the Supreme Court denied Petitioner's petition for a writ of certiorari.  See United States v. Kokoski, 83 F.3d 411, 1996 WL 181482 (4th Cir.(W. Va.)), cert. denied, 519 U.S. 892 (Oct. 7, 1996).

Petitioner was subsequently charged with escape in violation of 18 U.S.C. § 751(a), for escaping from FCI Beckley.  United States v. Kokoski, 5:96-cr-00064 (S.D. W. Va.)(Chambers, J.) Petitioner pled guilty and was sentenced to 37 months in prison, which was to run consecutive to his earlier sentence, followed by a three year term of supervised release.  (Id., Judgment in a Criminal Case, # 92).

Petitioner appealed that sentence to the Fourth Circuit, alleging that the District Court erred in sentencing him as a career offender under U.S.S.G. § 4B1.1, because his escape was not a "crime of violence," and that he was entitled to a downward

adjustment under U.S.S.G. § 2P1.1(b)(3), because his escape was non-violent. The Fourth Circuit affirmed the District Court's judgment on December 19, 2000, and the Supreme Court denied certiorari on April 23, 2001. See United States v. Kokoski, 238 F.3d 416, 2000 WL 1853389 (4th Cir.(W.Va.)), cert. denied, 532 U.S. 999 (2001).

On October 11, 2001, the District Court authorized Petitioner's filing of a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody in 5:92-cr-00090, even though the motion was filed beyond the time allowed for doing so. The section 2255 motion was assigned Case No. 5:01-cv-00944. (See # 194 in 5:01-cv-0944.) The presiding District Judge denied Petitioner's section 2255 motion by Order entered on October 21, 2003. (# 253 in 5:01-cv-00944.) Petitioner appealed that order, and in March, 2004, the Fourth Circuit denied him a certificate of appealability and affirmed the District Court's decision. Kokoski v. United States, 90 Fed.Appx. 54 (4th Cir. (W. Va.), Mar 19, 2004), cert. denied, 543 U.S. 938 (2004).

On January 28, 2002, the Court received documents transferred from the Western District of Washington, Seattle Division, among which was Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. The action was styled Kokoski v. United States, 5:02-cv-00079. The District Court for the Western District of Washington construed Petitioner's Petition as filed under 28 U.S.C.

3

§ 2255. The Honorable R. Clarke VanDervort, United States Magistrate Judge, determined that Petitioner was seeking relief under section 2255 with respect to his sentence in 5:96-cr-00064. The District Court denied the motion/petition by Order entered on March 15, 2005. (# 139 in 5:02-cv-00079). Petitioner appealed that Order to the Fourth Circuit. On March 30, 2006, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. Kokoski v. United States, 173 Fed. Appx. 263, 2006 WL 871107, (W. Va.), Mar. 30, 2006). (# 175 in 5:02-cv-00079).

Petitioner has subsequently filed various other petitions for a writ of habeas corpus under 28 U.S.C. § 2241, and petitions for a writ of mandamus, all of which have concerned the issue of whether Petitioner's Fourth Amendment rights were violated by the fact that there were inaccuracies in a search warrant obtained to search an express mail package in which the LSD was found. Petitioner has maintained throughout these proceedings that the postal inspector who obtained the search warrant lied in his application and committed a fraud upon the court. Each of Petitioner's challenges concerning the search warrant have lacked merit, primarily because Plaintiff waived the right to assert such a claim when he pled guilty.

In the instant petition for a writ of habeas corpus, Petitioner again asserts that his first conviction was void ab initio because of the alleged fraud. Accordingly, Petitioner

4

further asserts that both of his sentences have fully expired, and that he is being unconstitutionally confined. (# 1). In the supplement to his motion, Petitioner requests that the court declare his criminal judgment and the orders denying him collateral relief null and void. (# 3 at 1).

A search of the Bureau of Prison's records indicates that Petitioner's sentence for his 1994 conviction for employing a person under eighteen years old to distribute LSD expired on March 19, 2006. However, the Judgment in Petitioner's escape case indicates that the 37-month sentence imposed for that conviction was to run <u>consecutive</u> to Petitioner's prior sentence. Accordingly, Petitioner began to serve that sentence on March 19, 2006. Petitioner's projected release date on that sentence is November 24, 2008.[1]

## **ANALYSIS**

The undersigned finds that the factual basis for the claim which Petitioner raises in the instant petition is similar, if not identical, to that underlying his claims for relief under 28 U.S.C. § 2255 in <u>Kokoski v. United States</u>, 5:01-cv-00944. Accordingly, the instant section 2241 petition amounts to a request for collateral review of Petitioner's conviction and sentence, and in view of the section 2255 proceedings previously conducted in

---

[1] Petitioner has a separate section 2241 petition pending concerning the calculation of his release date, which will not be addressed herein. See <u>Kokoski v. Felts</u>, 5:06-cv-00849.

Kokoski v. United States, 5:01-cv-00944, it must be deemed to constitute a successive petition without certification by the United States Court of Appeals for the Fourth Circuit, pursuant to 28 U.S.C. § 2244(b)(3). Under these circumstances, this court has no jurisdiction to consider Petitioner's claims, and this action must be dismissed.

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a section 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The fact that relief under section 2255 is barred procedurally or by the gatekeeping requirements of section 2255 does not render the remedy of section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W. Va. 2001)(Haden, C.J.). The remedy under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be

dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." The undersigned has carefully examined Petitioner's Petition for Writ of Habeas Corpus and has concluded that it plainly appears that Petitioner is not entitled to relief in this case. Petitioner continues to claim that his conviction and sentence are unconstitutional because of an allegedly invalid search warrant. Petitioner raised similar claims in Kokoski v. United States, 5:01-cv-00944. Petitioner unsuccessfully appealed the District Court's decision denying him relief on those claims through the United States Supreme Court, and that matter is now concluded.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner's petition in the instant case must be regarded a successive Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255. As such, the District Court is without jurisdiction to consider Petitioner's petition because Petitioner has not obtained certification to file a successive petition from the Fourth Circuit, pursuant to 28 U.S.C. §

2244(b)(3).[2]

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's petition (# 1) and **DISMISS** this matter from the docket of the court.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder

---

[2] Title 28, Section 2244(b)(3)(A) of the United States Code states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

8

v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

   October 20, 2006  
        Date

*Mary E. Stanley*  
Mary E. Stanley  
United States Magistrate Judge

9